**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
gregorypeacockesq@gmail.com

Attorneys for Plaintiff Mayra Quintana

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA QUINTANA, | Case No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. Violation Of 42 U.S.C. § 1983; Violation Of Fourth Amendment Rights - Unlawful / Unreasonable Seizure Of Person; |
| COUNTY OF SAN BERNARDINO; and DOES 1 through 10, inclusive, | 2. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline; |
| Defendants. | 3. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Custom, Practice or Policy; |
| | 4. False Arrest – California Law; |
| | 5. Violation of Cal. Civil Code § 52.1; |
| | 6. Negligence – California Law. |
| | **JURY TRIAL DEMANDES** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Mayra Quintana and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4. Plaintiff timely submitted her Government Tort Claim for Damages. Plaintiff submitted her claim with defendant County of San Bernardino within six months of the incident complained of in this case. Plaintiff brings this action within six months of the date the claim was rejected by the County of San Bernardino.

## GENERAL ALLEGATIONS

5. Plaintiff Mayra Quintana, referred to as "QUINTANA" or "Plaintiff

QUINTANA" is a natural person, who, at all times complained of in this action resided in the County of San Bernardino, State of California.

6. Defendant COUNTY OF SAN BERNARDINO hereinafter also referred to as "COUNTY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the San Bernardino County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

9. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the San Bernardino County Sheriff's Department and/or defendant County of San Bernardino, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; and 2) for covering up the tortious conduct of San Bernardino County Sheriff's Department deputies.

10. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the San Bernardino County Sheriff's Department, and/or some

other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

11.  At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Bernardino County Sheriff's Department and/or otherwise with defendant COUNTY.

12.  In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13.  Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

14.  Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

///

///

# FIRST CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (Against DOES 1 through 6, inclusive)

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. On May 12, 2021, Plaintiff QUINTANA lived at 20178 Hidden Ranch Road, Apple Valley, California.

17. QUINTANA's neighbor to the east did not have access to the main road. Accordingly, a court order was entered, allowing her easterly neighbor to drive through her property to access the eastern property.

18. QUINTANA's neighbor to the south had access to the main road.

19. QUINTANA's neighbor to the south began using QUINTANA's property as a shortcut to access the main road.

20. QUINTANA did not want her southern neighbor to drive across her property to access the main road. Accordingly, QUINTANA had a large bolder placed in a way that prevented her neighbor to the south from driving through her property to access the main road.

21. QUINTANA's neighbor to the south called the San Bernardino County Sheriff's Department to report that QUINTANA was in violation of a court order by preventing her from driving through QUINTANA's property to access the main road.

22. DOES 1 through 6, inclusive, responded to the call for service.

23. QUINTANA showed DOES 1 through 6, inclusive, the court order which clearly allowed the eastern neighbor to drive through QUINTANA's property to access the main road, but was limited to the eastern neighbor. The court order did not allow anyone else to drive through QUINTANA's property.

24. Notwithstanding the fact that DOES 1 through 6, inclusive, read the court order and were aware that the court order was limited to the eastern neighbor, DOES 1 through 6, inclusive, arrested QUINTANA for violating the court order.

25. QUINTANA was never criminally prosecuted for anything related to this event.

26. Defendants DOES 1 through 6, inclusive did not have probable cause or reasonable suspicion that QUINTANA had violated any public offense.

27. As complained of herein above, DOES 1 through 6, inclusive, did not have a warrant for QUINTANA's arrest, nor probable cause to believe that QUINTANA had committed a crime, nor reasonable suspicion that QUINTANA was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by QUINTANA.

28. Accordingly, the seizure / detention / arrest of QUINTANA by Defendants DOES 1 through 6, inclusive, by use of force constituted an unlawful and unreasonable seizure of the Plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, QUINTANA: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

30. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of QUINTANA's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial which is in excess of $250,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against COUNTY)**

31. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

32. As complained of herein above, the acts of Defendants DOES 1 through 6, inclusive, deprived QUINTANA of her rights under the laws of the United States and The United States Constitution.

33. The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted QUINTANA.

34. COUNTY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

35. The failure of COUNTY to provide adequate training, discipline and/or terminate its deputies caused the deprivation of QUINTANA's rights by Defendants DOES 1 through 6, inclusive.

36. COUNTY's failure to train, discipline, and/or terminate is closely related to the deprivation of QUINTANA's rights as to be the moving force that ultimately caused QUINTANA's injuries.

37. As a direct and proximate result of the actions of COUNTY, as complained of herein, QUINTANA: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against COUNTY)

38. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37 inclusive, above, as if set forth in full herein.

39. As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiff of her particular rights under the United States Constitution, as described above.

40. At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the San Bernardino County Sheriff's Department / defendant COUNTY:  1) for unlawfully seizing (detaining and arresting) persons; and 2) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability and were a proximate cause of the very same federal constitutional violations complained of below by the plaintiff in this action.

41. Said actions of said defendants were done by them under the color of state law.

42. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant COUNTY, above-described, said defendants committed said actions complained of above.

43. As a direct and proximate result of the actions of defendant COUNTY, Plaintiff QUINTANA: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred

medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

### FOURTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (Against All Defendants)

44. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45. Defendants DOES 1 through 6, inclusive, did not have either reasonable suspicion of criminality afoot about plaintiff, or probable cause to believe that plaintiff had committed a crime.

46. Defendants DOES 1 through 6, inclusive, detained, restrained, arrested and brutalized plaintiff, and deprived plaintiff of her liberty.

47. Defendants DOES 1 through 6, inclusive, intentionally deprived plaintiff of her freedom of movement by use of physical force and violence.

48. Plaintiff did not consent to said deprivation of her freedom of movement by Defendants DOES 1 through 6, inclusive, or to the use of force and violence upon her.

49. Plaintiff suffered harm / injuries / damages because of said deprivation of her freedom of movement by Defendants DOES 1 through 6, inclusive.

50. The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of plaintiff under California state law.

51. Defendants DOES 1 through 6, inclusive, are liable to plaintiff for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

52. The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, proximately caused plaintiff to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $750,000.00.

53. The actions of Defendants DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, save COUNTY, in an amount to be proven at trial which is in excess of $250,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

54. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

56. Defendants DOES 1 through 6, inclusive, are liable to plaintiff for said violations of her federal and California state constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§ 815, 815.2(a), 815.6, 820, 820.4 and 820.8.

57. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $750,000.00.

58. The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages

against DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $250,000.00.

59. In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffs is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

### SIXTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against all Defendants)**

60. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

61. The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward plaintiff.

62. Defendants DOES 1 through 6, inclusive, are liable to plaintiff for her injuries and damages pursuant to Cal. Civil Code § 1714, and pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common law.

63. As a direct and proximate result of the actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological

costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $750,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

 a) For a judgment against all defendants for compensatory damages in an amount in excess of $750,000.00;

 b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $250,000.00;

 c) For an award of reasonable attorney's fees and costs;

 d) For a trial by jury; and

 e) For such other and further relief as this honorable court deems just and equitable.



         */S/ Gregory Peacock*
         GREGORY PEACOCK

COMPLAINT FOR DAMAGES
15